# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| ——————————————— ) | |
| AZURE NETWORKS, LLC, ) | |
| ) | |
|      *Plaintiff*, ) | |
| ) | |
|    v. ) | |
| ) | Civil Action No. 6:15-cv-00019-RWS |
| SAMSUNG ELECTRONICS AMERICA, INC.,) | |
| SAMSUNG ELECTRONICS CO. LTD., ) | |
| SAMSUNG SEMICONDUCTOR, INC., ) | **JURY TRIAL DEMANDED** |
| and SAMSUNG AUSTIN SEMICONDUCTOR ) | |
| LLC, ) | |
| ) | |
|      *Defendants*. ) | |
| ——————————————— ) | |

### DEFENDANTS SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO. LTD., SAMSUNG SEMICONDUCTOR, INC., AND SAMSUNG AUSTIN SEMICONDUCTOR LLC'S MOTION TO DISMISS PLAINTIFF AZURE NETWORKS, LLC'S CLAIMS FOR INDUCED AND WILLFUL INFRINGEMENT

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ....................................................................................... 1

II.   STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT.......................... 2

III.  STATEMENT OF FACTS ............................................................................ 2

      A.    Azure's 2012 Suit Against Samsung ...................................................... 2

      B.    Azure's Current Suit Against Samsung ................................................... 3

IV.   LEGAL STANDARDS ................................................................................ 5

V.    ARGUMENT .............................................................................................. 6

      A.    Azure's Allegations of Induced Infringement are Deficient and Should be
            Dismissed ................................................................................................ 6

            1.    Azure Fails to Identify Any Third Party Infringer Or Act of
                  Inducement ..................................................................................... 7

            2.    Azure's Allegation That Samsung Knowingly and Intentionally
                  Induced Any Third Party to Infringe the Patents-In-Suit is
                  Deficient ......................................................................................... 9

      B.    Azure's Allegations of Willful Infringement are Deficient and Should be
            Dismissed .............................................................................................. 11

            1.    Azure Fails to Allege That Samsung Acted Despite an Objectively
                  High Likelihood That Its Actions Constituted Infringement of a
                  Valid Patent ................................................................................. 11

            2.    Azure's Allegations That Samsung Knew of the Patents-In-Suit are
                  Deficient ....................................................................................... 13

                  a.    Azure's Complaint Cannot be the Source of Samsung's
                        Knowledge of the Patents-In-Suit ................................... 13

                  b.    Azure's 2012 Complaint Did Not Inform Samsung of Azure's
                        Present Claims ................................................................. 14

VI.   CONCLUSION ......................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Cases:**                                                                                                    **Page(s):**

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*,
  2014 WL 2892285 (W.D. Tex. May 12, 2014) ....................................................................10

*Aguirre v. Powerchute Sports, LLC*,
  2011 WL 2471299 (W.D. Tex. June 17, 2011) .........................................................................9

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
  692 F.3d 1301 (Fed. Cir. 2012)................................................................................................7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................................................... *passim*

*Azure Networks, LLC v. CSR plc*,
  No. 6:11-cv-00139-RWS-JDL (E.D. Tex.)................................................................................3

*Azure Networks, LLC v. MediaTek Inc.*,
  No. 12-cv-00252-MHS-JDL (E.D. Tex.)................................................................................2,3

*Azure Networks, LLC v. Samsung Telecomms. Am. LLC*,
  No. 6:12-cv-00745-MHS-JDL (E.D. Tex.)................................................................. *passim*

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................................... *passim*

*In re Bill of Laday Trans.*,
  681 F.32d 1323 (Fed. Cir. 2012).............................................................................................7

*Broadcom Corp. v. Qualcomm Inc.*,
  543 F.3d 683 (Fed. Cir. 2008).................................................................................................9

*Conley v. Gibson,*,
  355 U.S. 41 (1957)....................................................................................................................5

*Colony Ins. Co. v. Peachtree Const., Ltd.*,
  647 F.3d 248 (5th Cir. 2011) ...................................................................................................5

*DSU Med. Corp v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006)............................................................................................6, 9

*Exergen Corp. v. WalMart Stores, Inc.*,
  575 F.3d 1312 (Fed. Cir. 2009).............................................................................................7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  131 S. Ct. 2060 (2011) .................................................................................6, 9

*In re Great Lakes Dredge & Dock Co.*,
  624 F.3d 201 (5th Cir. 2010) .....................................................................5, 8, 14

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*,
  897 F.2d 508 (Fed. Cir. 1990)................................................................12, 14, 15

*IpVenture, Inc. v. Cellco P'ship*,
  2011 WL 207978 (N.D. Cal. Jan. 21, 2011) ..........................................................14

*Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*,
  2012 WL 4033322 (E.D. Tex. Sep. 12, 2012) ..........................................................6

*McRo, Inc. v. Rockstar Games, Inc.*,
  2014 WL 1051527 (D. Del. Mar. 17, 2014) .........................................................12

*McRo, Inc. v. Rockstar Games, Inc.*,
  2014 WL 1677366 (D. Del. Apr. 24, 2014)..........................................................12

*McZeal v. Sprint Nextel Corp.*,
  501 F.3d 1354 (Fed. Cir. 2007)...........................................................................8

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
  420 F.3d 1369 (Fed. Cir. 2005)...........................................................................6

*Mitutoyo Corp. v. Cent. Purchasing, LLC*,
  499 F.3d 1284 (Fed. Cir. 2007)..........................................................................13

*Realtime Data, LLC v. Stanley*,
  721 F. Supp. 2d 538 (E.D. Tex. 2010) .................................................................10

*In re Seagate Tech., LLC*,
  497 F.3d 1360 (Fed. Cir. 2007).............................................................1, 11, 12, 13

*Securenova, LLC v. LG Elecs., Inc.*,
  2014 WL 5339188 (E.D. Tex. Sep. 19, 2014) ..............................................6, 7, 9

*Smartflash LLC v. Apple Inc.*,
  2015 WL 661276 (E.D. Tex. Feb. 13, 2015) .........................................................15

*Solannex, Inc. v. MiaSole*,
  2011 WL 4021558 (N.D. Cal. Sept. 9, 2011) ......................................................12

*State Indus., Inc. v. A.O. Smith Corp.*,
  751 F.2d 1226 (Fed. Cir. 1985)...............................................................10, 14, 15

*Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*,
　　2014 WL 894802 (E.D. Tex. Mar. 4, 2014) ........................................................1, 6

*Touchscreen Gestures LLC v. Research in Motion Ltd.*,
　　2013 WL 8505349 (E.D. Tex. Mar. 27, 2013) ......................................................13

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
　　2013 WL 8482270 (E.D. Tex. Mar. 6, 2013) .............................................8, 9,12

*Va. Innovation Sci., Inc. v. Samsung Elecs. Co.*,
　　983 F. Supp. 2d 700 (E.D. Va. 2013) ...................................................................15

*Vasudevan Software, Inc. v. TIBCO Software Inc.*,
　　2012 WL 1831543 (N.D. Cal. May 18, 2012) .......................................................10

*Webmap Techs., LLC v. Google, Inc.*,
　　2010 WL 3768097 (E.D. Tex. Sept. 10, 2010) .....................................................14

## Statutes, Rules and Regulation

35 U.S.C. § 271(b) .............................................................................................................6

Fed. R. Civ. P. 8(a)(2).......................................................................................................5

Fed. R. Civ. P. 12(b)(6)............................................................................................ *passim*

Defendants Samsung Electronics America, Inc., Samsung Electronics Co. Ltd., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor LLC (collectively, "Samsung") respectfully move the Court to dismiss Plaintiff Azure Networks, LLC's ("Azure") claims for induced and willful infringement for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") and the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## I.     INTRODUCTION

Azure's Original Complaint for Patent Infringement ("Complaint") fails to set forth factual allegations sufficient to demonstrate plausible claims of induced and willful infringement and, therefore, should be dismissed. A legally sufficient claim of induced infringement requires factual allegations to support "(1) that a third party, or the defendant in combination with a third party, has performed acts sufficient to constitute infringement; (2) that the defendant knew of the patent and that the acts in question would infringe; and (3) that the defendant had specific intent to encourage the third party's infringement." *Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*, No. 2:13-cv-38-JRG, 2014 WL 894805, at *2 (E.D. Tex. Mar. 4, 2014). Azure's conclusory allegations of induced infringement fail to (i) identify any third party infringer and (ii) show that Samsung (a) knew of all the patents-in-suit,[1] (b) knew that it was inducing third parties to directly infringe the patents-in-suit, and (iii) specifically intended to encourage the third party's infringement.

---

[1] As discussed herein, at best Samsung knew about one of the eleven patents-in-suit prior to Azure filing this Complaint. Even as to that one patent, however, Azure's course of conduct demonstrates that Samsung could not have induced infringement or willfully infringed that patent.

A legally sufficient claim of willful infringement requires factual allegations that an alleged infringer "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" and that such risk "was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1370-71 (Fed. Cir. 2007).   Azure fails to allege any facts that demonstrate (i) an objectively high likelihood that Samsung infringed any valid patent-in-suit (or even knew of the existence of all the patents-in-suit) and (ii) that Samsung knew or should have known of such risk.

Accordingly, Azure's allegations in support of its claims of induced and willful infringement do not meet the threshold pleading standards required by the Supreme Court's decisions in *Iqbal* and *Twombly* and, for this reason, the Court should dismiss Azure's claims of induced and willful infringement pursuant to Rule 12(b)(6).

## II.     STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT

1.     Whether Azure's Complaint fails to state a claim for inducement of infringement, pursuant to Rule 12(b)(6).

2.     Whether Azure's Complaint fails to state a claim for willful infringement, pursuant to Rule 12(b)(6).

## III.    STATEMENT OF FACTS

### A.     Azure's 2012 Suit Against Samsung

On October 7, 2012, Azure filed its first complaint ("2012 complaint") against Samsung in the Eastern District of Texas alleging infringement of U.S. Patent No. 7,756,129 ("the '129 patent").   *See Azure Networks, LLC v. Samsung Telecomms. Am. LLC*, No. 6:12-cv-00745-MHS-JDL (E.D. Tex.).   Specifically, Azure alleged that Samsung infringed the '129 patent by "making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least products and systems incorporating Bluetooth High Speed (HS)

wireless technology and/or products and systems incorporating Bluetooth wireless technology in combination with WiFi technology, such as WiFi Direct." (Civ. Action No. 6:12-cv-00745-MHS-JDL, Dkt. No. 1.) After receiving an unfavorable claim construction of the term "MAC address" in yet another Eastern District of Texas case alleging infringement of the '129 patent (*see Azure Networks, LLC v. CSR plc et al.*, No. 6:11-cv-00139-RWS-JDL (E.D. Tex.), Dkt. No. 266), Azure moved to dismiss all its claims without prejudice, which the Court granted on May 31, 2013. (*See* Civ. Action No. 12-cv-00252-MHS-JDL, Dkt. Nos. 172, 188.) Azure's case against Samsung never progressed beyond the initial pleadings.

### B.    Azure's Current Suit Against Samsung

On January 12, 2015, Azure filed the present Complaint against Samsung alleging that Samsung infringes the '129 patent and ten other patents that issued from continuation applications of the '129 patent (collectively, the "patents-in-suit").[2] (*See* Dkt. No. 1 [hereinafter "Complaint"] ¶¶ 24-25.) Azure's Complaint now expressly accuses Samsung products that "incorporate Wi-Fi Direct wireless technology," "NFC wireless technology in combination with Wi-Fi and/or Wi-Fi Direct wireless technology," and/or "Wi-Fi Direct wireless technology in combination with NFC wireless technology." (*See* Complaint ¶¶ 32, 35, 38, 41, 44, 47, 50, 53, 56, 59, 62.)

Counts XII and XIII of Azure's Complaint are directed to induced and willful infringement, respectively, and comprise nothing but conclusory allegations, speculative factual

---

[2]   The patents-in-suit comprise the '129 patent, U.S. Patent No. 8,675,590, U.S. Patent No. 8,700,815, U.S. Patent No. 8,582,570, U.S. Patent No.8,732,361, U.S. Patent No.8,589,599, U.S. Patent No.8,582,571, U.S. Patent No.8,588,231, U.S. Patent No.8,588,196, U.S. Patent No.8,732,347, and U.S. Patent No.8,683,092.

inferences, and improper legal conclusions.  (*See id.* at ¶¶ 64-68.)  With respect to inducement of infringement, Azure alleges:

> Defendant's deliberate and/or willfully blind actions include, but are not limited to, actively marketing to, supplying, causing the supply to, encouraging, recruiting, and instructing others such as consumers, businesses, distributors, agents, channel partners, resellers, sales representatives, end users, and customers, to use, make available for another's use, promote, market, distribute, import, sell and/or offer to sell the Infringing Products.  These actions, individually and collectively, have induced and continue to induce the direct infringement of the Asserted Patents by others such as consumers, businesses, distributors, resellers, sales representatives, agents, channel partners, end users, and customers.

(*Id.* at ¶ 64.)  Azure further alleges in a conclusory manner that Samsung knew of the third parties' infringement and of the patents-in-suit:

> Defendant knew and/or was willfully blind to the fact that the induced parties' use, testing, making available for another's use, promotion, marketing, distributing, importing, selling and/or offering to sell the Infringing Products would infringe one or more of the Asserted Patents. . . .

> Because the '129 Patent, which was previously asserted against Defendant in *Azure Networks, LLC, et al. v. Samsung Telecommunications America, LLC, et al.*, Civ. Action No. 6:12-cv-745 (E.D. Texas), and the other asserted patents are in the same patent family, upon information and belief, Defendant had knowledge of or was willfully blind to knowledge of the Asserted Patents and/or their patent applications and its infringement of said patents before the filing of this lawsuit.

(*Id.* at ¶¶ 64-65.)  Azure never alleges that Samsung had a specific intent to encourage any third parties' infringement—a necessary component of pleading inducement of infringement.  Nor does Azure acknowledge the fact that it voluntarily dismissed its suit against Samsung on the '129 patent after an adverse Markman ruling on that patent in a different suit.  This fact alone gives Samsung an objectively reasonable basis on which to believe its products are non-infringing.

Azure's allegations with respect to willful infringement are similarly deficient.  Once again, Azure alleges that Samsung knew of all of the patents-in-suit because Azure asserted

infringement of the '129 patent in its 2012 case against Samsung and the other ten patents-in-suit "are in the same patent family" as the '129 patent—despite the fact that ten of the eleven patents-in-suit did not issue until after the 2012 case was dismissed.  (*See* Complaint ¶ 68.)  Moreover, Azure merely alleges that its 2012 complaint and the present Complaint give Samsung "actual notice of infringement"; Azure never alleges—as it must—that Samsung knew of and acted despite an objectively high likelihood that its actions constituted infringement of a valid patent:

> Defendant's infringement of the Asserted Patents is willful to the extent that the filing and service of this Original Complaint for Patent Infringement [and the filing and service of the Original Complaint for Patent Infringement in *Azure Networks, LLC et al. v. Samsung Telecommunications America, LLC, et al.*, Civ. Action No. 6:12-cv-745 (E.D. Texas)] gives Defendant actual notice of infringement, and Defendant continues to make, use, make available for another's use, offer to license or license in the United States, sell or offer to sell, and/or import the Infringing Products, and/or continue to induce others such as consumers, businesses, distributors, agents, channel partners, resellers, sales representatives, end users, and customers to infringe the Asserted Patents.

(*Id.* at ¶¶ 66-67.)  Again, Azure's voluntary dismissal of its suit against Samsung after receiving an adverse Markman ruling with respect to the '129 patent in a different suit directly contradicts its allegations of willful infringement.

## IV.    LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Any pleading that fails to do so must be dismissed pursuant to Rule 12(b)(6).  *See id.* at 555-57.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678.  "While a complaint need not contain detailed factual allegations, it must set forth 'more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Colony Ins. Co. v. Peachtree Const., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555.); *see In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) (holding that a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions"). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## V.     ARGUMENT

### A.     Azure's Allegations of Induced Infringement are Deficient and Should be Dismissed

"A claim for induced infringement under 35 U.S.C. § 271(b) requires proof (1) of an act of direct infringement by another, and (2) that the defendant knowingly induced the infringement with the specific intent to encourage the other's infringement." *Securenova, LLC v. LG Elecs., Inc.*, No. 2:13-cv-905-JRG-RSP, 2014 WL 5339188, at *1 (E.D. Tex. Sep. 19, 2014) (citing *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005)); *DSU Med. Corp v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."). A defendant's knowledge that its actions induced infringement "necessarily includes the requirement that he or she knew of the patent." *DSU Med.*, 471 F.3d at 1304. Moreover, specific intent requires that the defendant "[know] that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011).

To properly allege inducement of infringement, Azure's complaint must "(1) adequately plead direct infringement by [Samsung's] customers, (2) contain facts plausibly showing that [Samsung] specifically intended for its customers to infringe the asserted patents, and (3) contain facts plausibly showing that [Samsung] knew that the customer's acts constituted infringement." *Securenova*, 2014 WL 5339188, at *1; *see Tierra Intelectual*, 2014 WL 894805, at *2; *Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*, 2012 WL 4033322, at *3 (E.D. Tex. Sep. 12, 2012) ("[T]he plaintiff's complaint 'must contain facts plausibly showing [the defendant] specifically intended [its] customers to infringe the patent and knew the customer's [sic] acts constituted infringement.'") (quoting *In re Bill of Lading Trans.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)). Finally, although knowledge and intent may be averred generally, the Federal Circuit "requires that the pleading allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen Corp. v. WalMart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009).

### 1.    Azure Fails to Identify Any Third Party Infringer Or Act of Inducement

The Federal Circuit has "on numerous occasions recited the familiar and uncontroversial proposition that one of the elements of inducement of infringement is proof that there has been direct infringement." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1316 (Fed. Cir. 2012); *see Securenova*, 2014 WL 5339188, at *1.   Rather than allege facts that adequately place Samsung on notice as to what it must defend, Azure relies on generic allegations of third party infringement that provide nothing more than a "formulaic recitation of the elements of a cause of action" for inducement of infringement.   *Twombly*, 550 U.S. at 555. Azure's claim of induced infringement should be dismissed for this reason alone.

In the single count alleging inducement of infringement of all eleven patents-in-suit, Azure alleges that Samsung "has and continues to induce infringement (literally and/or under the doctrine of equivalents) of one or more claims of the Asserted Patents."  (Complaint ¶ 64.)  The allegedly "deliberate and/or willfully blind actions" by which Samsung induces infringement "include, but are not limited to":

> actively marketing to, supplying, causing the supply to, encouraging, recruiting, and instructing others such as consumers, businesses, distributors, agents, channel partners, resellers, sales representatives, end users, and customers, to use, make available for another's use, promote, market, distribute, import, sell and/or offer to sell the Infringing Products.  These actions, individually and collectively, have induced and continue to induce the direct infringement of the Asserted Patents by others such as consumers, businesses, distributors, resellers, sales representatives, agents, channel partners, end users, and customers.

(*Id.*)

Rather than provide any facts that may support plausible inferences that a third party infringer exists, that Samsung induced that third party to directly infringe any claim of any patent-in-suit, or the method by which Samsung induced infringement, Azure supplies a "[t]hreadbare recital of the elements of a cause of action, supported by mere conclusory statements."  *Iqbal*, 556 U.S. at 678; *see Great Lakes*, 624 F.3d at 210 (holding that a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions").  Moreover, Azure's generic allegation that Samsung induced "consumers, businesses, distributors, agents, channel partners, resellers, sales representatives, and customers" to directly infringe the patents-in-suit does not provide Samsung with "facts sufficient to place [Samsung] on notice as to what [it] must defend."  *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (citing *Twombly*, 550 U.S. at 565 n.10).  For these reasons, the Court should dismiss Azure's claim for inducement of infringement.  *See U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-366 MHS-JDL, 2013 WL 8482270, at *4 (E.D. Tex. Mar.

6, 2013) (granting defendant's motion to dismiss for failure to state a claim for inducement of infringement).

### 2.   Azure's Allegation That Samsung Knowingly and Intentionally Induced Any Third Party to Infringe the Patents-In-Suit is Deficient

To plead inducement of infringement adequately, Azure must also establish "that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697-98 (Fed. Cir. 2008); *see Global-Tech*, 131 S. Ct. at 2068; *DSU Med.*, 471 F.3d at 1306; *Securenova*, 2014 WL 5339188, at *1.  A defendant's knowledge that its actions induced infringement "necessarily includes the requirement that he or she knew of the patent."  *DSU Med.*, 471 F.3d at 1304. Specific intent requires that the defendant "[know] that the induced acts constitute patent infringement." *Global-Tech*, 131 S. Ct. at 2068.  Here, Azure fails to allege any factual details that plausibly infer Samsung knowingly and intentionally induced infringement of the patents-in-suit.  Therefore, the Court should dismiss Azure's claim of induced infringement.

Azure's only allegation as to Samsung's knowledge and intent is that Samsung had "written notice of infringement" because of (i) Azure's 2012 complaint and (ii) Azure's Complaint in the present action.  (Complaint ¶ 65.)  Azure's conclusory allegation fails for three reasons.  *First*, Azure's present Complaint fails to provide any specific facts that support an inference that a direct infringer actually exists.  (*See supra* Part V.A.1.)  Yet, even if Azure's Complaint was not deficient in this regard, post-suit knowledge cannot form the basis of a claim for inducement of infringement.  *See Aguirre v. Powerchute Sports, LLC*, No. 10-cv-0702, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) ("To the extent [the plaintiff] relies on knowledge of [the] patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement.").

*Second*, in its 2012 complaint, Azure did not accuse Samsung of indirect infringement, and it accused a different technology and products than is explicitly mentioned in the Complaint. (*See* Civ. Action No. 6:12-cv-00745-MHS-JDL, Dkt. No. 1.)  As such, Azure's 2012 complaint could not—and did not—provide Samsung with any relevant "written notice of infringement."

*Third*, out of the eleven patents-in-suit in the present case, only the '129 patent had issued at the time of Azure's 2012 lawsuit against Samsung.  Azure requested dismissal of that 2012 lawsuit and its corresponding infringement allegations as to the '129 patent after it received  an adverse Markman order with respect to that patent in a different case.   Samsung cannot knowingly and intentionally induce infringement of a patent for which Azure effectively conceded it likewise could not show infringement under the court's Markman order.   The other ten patents did not issue until at least six months after the 2012 case was dismissed in May 2013. Samsung cannot knowingly and intentionally induce infringement of patents that did not exist at the time Samsung's alleged knowledge and intent was formed.  *See State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("A 'patent pending' notice gives one no knowledge whatsoever. . . .  Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents.   What the scope of claims in patents that do issue will be is something totally unforeseeable.").  Furthermore, even if Samsung was aware of all eleven patents-in-suit, mere awareness that a family of patents exists does not provide the basis for a plausible claim of specific intent.  (*See Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. 6:13-cv-365, 2014 WL 2892285, at *6 (W.D. Tex. May 12, 2014) (holding that "the defendant's awareness of a [plaintiff's] patent portfolio is not enough to support a willful blindness claim to defeat a motion to dismiss"); *Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11-06638 RS, 2012 WL 1831543, *5-7 (N.D. Cal. May 18, 2012)

-10-

(accused infringer's knowledge of the pending patent application that led to the asserted patent and knowledge of other family related patents was insufficient to show actual knowledge of the asserted patent); *Realtime Data*, 721 F. Supp. 2d at 544 (holding that "indirect infringement allegations will not survive a Motion to Dismiss under the pleading requirements of the Federal Rules where a plaintiff's complaint fails to identify any asserted claims or any accused products or services for each of the patents-in-suit, fails to identify which patents are indirectly infringed, and fails to identify a direct infringer in reference to its indirect infringement claims").

Accordingly, Azure fails to plead factual allegations that plausibly support a claim of induced infringement, and, therefore, the Court should dismiss Azure's claim of induced infringement pursuant to Rule 12(b)(6).

**B.      Azure's Allegations of Willful Infringement are Deficient and Should be Dismissed**

Azure's willful infringement claim is similarly deficient.  Azure merely alleges that Samsung had "actual notice of infringement" and "knowledge" of the patents-in-suit. (Complaint ¶¶ 66-68.)   Even if true, Azure fails to allege that Samsung acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.  Further, and as explained below, Azure's allegations regarding Samsung's "knowledge" are either legally improper or nonsensical.   For these reasons, the Court should dismiss Azure's willful infringement claim.

**1.      Azure Fails to Allege That Samsung Acted Despite an Objectively High Likelihood That Its Actions Constituted Infringement of a Valid Patent**

To properly allege willful infringement, a plaintiff must plead facts that "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" and "that this objectively defined risk (determined by the record developed in the

infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Seagate*, 497 F.3d at 1370-71.  "[A]t the pleading stage, a plaintiff alleging willful infringement should provide enough facts that, when taken as true, show objective recklessness of the infringement risk." *U.S. Ethernet*, 2013 WL 8482270, at *5.

Here, Azure's willful infringement claim is deficient because Azure alleges only that its 2012 complaint and present Complaint gave Samsung "actual notice of infringement." (Complaint ¶¶ 66-67.)  However, Azure must plead facts supporting an allegation that Samsung knew of and acted despite an objectively high likelihood that its actions constituted infringement of a valid patent; facts that are missing from Azure's Complaint.[3]  *See Seagate*, 497 F.3d at 1371; *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990) (holding that there is no "universal rule that to avoid willfulness one must cease manufacture of a product immediately upon learning of a patent, or upon receipt of a patentee's charge of infringement, or upon the filing of suit").  Merely alleging that Samsung knew of Azure's unsubstantiated complaints – one of which Azure voluntarily dismissed after receiving an adverse Markman order – does not allow for a plausible inference that Samsung's actions were reckless and, thus, does not state a claim for willfulness on its own.  *See Solannex, Inc. v. MiaSole*, No. C 11-00171, 2011 WL 4021558, at *3 (N.D. Cal. Sept. 9, 2011) (dismissing a claim of willful infringement because the plaintiff failed to allege that the defendant "had any pre-suit knowledge of the [patent-in-suit] or that its conduct rises to the level of 'objective recklessness' required to support an allegation of willful infringement"); *McRo, Inc. v. Rockstar Games, Inc.*, No. CV 12-1513-LPS-CJB, 2014 WL 1051527, at *7 (D. Del. Mar. 17, 2014)

---

[3] It is not surprising that Azure fails to plead such facts.  Azure's dismissal of its 2012 complaint after receiving an adverse claim construction order effectively concedes that Samsung did not act despite an objectively high likelihood that its actions constituted infringement.

report and recommendation adopted, No. CV 12-1513-LPS-CJB, 2014 WL 1677366 (D. Del. Apr. 24, 2014) (holding that allegations lacking "sufficient specific factual matter about what Defendants or others were actually doing in order to plausibly indicate that, at any point, Defendants were or should have been aware that they were committing patent infringement" are insufficient to state a claim for willful infringement).

### 2.      Azure's Allegations That Samsung Knew of the Patents-In-Suit are Deficient

A claim for willful infringement also requires the plaintiff to allege that the accused infringer knew of the patents-in-suit prior to the filing of the complaint.  *See Mitutoyo Corp. v. Cent. Purchasing, LLC*, 499 F.3d 1284, 1290 (Fed. Cir. 2007); *Seagate*, 497 F.3d at 1374 ("[W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement.  So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct.").  Here, Azure alleges that Samsung acquired knowledge of the patents-in-suit from either the present Complaint or its 2012 complaint.    (Complaint ¶¶ 66-67.)    However, Azure's allegations regarding Samsung's knowledge are deficient as the former is legally improper and the latter is nonsensical.

### a.      Azure's Complaint Cannot be the Source of Samsung's Knowledge of the Patents-In-Suit

A claim for willful infringement cannot be based solely on an accused infringer's post-filing knowledge:

> [I]n ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct. . . .   [A] patentee must have a good faith basis for alleging willful infringement. . . . ***So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct.***  By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. . . .   A patentee who does not attempt to stop an accused infringer's activities in this manner

should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct.

*Seagate*, 497 F.3d at 1374 (emphasis added).  Therefore, Azure's allegation that Samsung's knowledge of the patents-in-suit stems from Azure's Complaint is legally insufficient.  *See Touchscreen Gestures LLC v. Research in Motion Ltd.*, No. 6:12-cv-263, 2013 WL 8505349, at *2 (E.D. Tex. Mar. 27, 2013) ("[A]bsence of any allegation of pre-filing knowledge of the patents is fatal to [plaintiff's] willful infringement claims."); *Webmap Techs., LLC v. Google, Inc.*, No. 2:09-cv-343, 2010 WL 3768097, at *4 (E.D. Tex. Sept. 10, 2010) (granting defendant's motion to dismiss where "Plaintiff [did] not rely upon any allegation of pre-filing willful infringement and [] made no effort to stop [defendant's] alleged continued willful infringement").

### b.    Azure's 2012 Complaint Did Not Inform Samsung of Azure's Present Claims

Azure alternatively alleges—in a conclusory fashion—that its 2012 complaint gave Samsung "knowledge" of all the patents-in-suit because they "are in the same patent family" as the then-asserted '129 patent.  (Complaint ¶¶ 67-68.)  Azure's allegation fails for three reasons. *First*, Azure's Complaint fails to include any facts that support such a conclusory allegation, and, as such, Azure's claim of willful infringement is insufficient.  *See IpVenture, Inc. v. Cellco P'ship*, No. C 10-04755, 2011 WL 207978, at *2 (N.D. Cal. Jan. 21, 2011) (dismissing a willful infringement claim for failure to allege facts supporting pre-suit knowledge of the patent); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) (holding that a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions").

*Second*, Azure's 2012 complaint cannot support Azure's allegation that Samsung knew of the ten patents-in-suit that issued at least six months after the 2012 case was dismissed in May 2013.  "To willfully infringe a patent, the patent must exist and one must have knowledge of it." *State Indus.*, 751 F.2d at 1236.  "It is obvious that a party cannot be held liable for 'infringement,' and thus not for 'willful' infringement, of a *nonexistent* patent, i.e., no damages are payable on products manufacture and sold before the patent issued." *Gustafson*, 897 F.2d at 510-511 (Fed. Cir. 1990).  Likewise, a "'patent pending' notice gives one no knowledge whatsoever." *State Indus.*, 751 F.2d at 1236; *see Smartflash LLC v. Apple Inc.*, No. 6:13-cv-447-JRG-KNM, 2015 WL 661276, at *1 (E.D. Tex. Feb. 13, 2015) ("[K]nowledge of a patent application is not enough on its own to establish willfulness.").  Therefore, Azure's willful infringement allegations regarding the ten patents-in-suit that had not issued by the time Azure filed its 2012 complaint should be dismissed.  *See Va. Innovation Sci., Inc. v. Samsung Elecs. Co.*, Ltd., 983 F. Supp. 2d 700, 709-10 (E.D. Va. 2013) (dismissing willfulness claims in part because plaintiff could not show pre-suit knowledge: "there can be no affirmative duty to continue to monitor any patent . . . for continuations or continuations-in-part, which could perhaps, eventually, issue as patents").

*Third*, Azure's 2012 complaint accuses different Samsung products and different technology as compared to its present Complaint.  For instance, Azure's 2012 complaint accuses Samsung "products and systems incorporating Bluetooth wireless technology in combination with WiFi technology, such as WiFi Direct."  (Civ. Action No. 6:12-cv-00745-MHS-JDL, Dkt. No. 1.)  In contrast, Azure's present Complaint explicitly accuses Samsung products that "incorporate Wi-Fi Direct wireless technology," "NFC wireless technology in combination with Wi-Fi and/or Wi-Fi Direct wireless technology," and/or "Wi-Fi Direct wireless technology in

combination with NFC wireless technology." (*See* Complaint ¶¶ 32, 35, 38, 41, 44, 47, 50, 53, 56, 59, 62.)  Azure's 2012 complaint could not possibly provide adequate notice of Azure's present infringement allegations because the two complaints accuse completely different technologies.

## VI.    CONCLUSION

For all of the foregoing reasons, Samsung respectfully requests that the Court dismiss Azure's claims of induced and willful infringement for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6).


May 4, 2015                                                    Respectfully submitted,

                                                              */s Matthew M. Wolf*
                                                              Matthew M. Wolf
                                                              (District of Columbia Bar No. 454323)
                                                              matthew.wolf@aporter.com
                                                              Ali R. Sharifahmadian
                                                              (District of Columbia Bar No. 480876)
                                                              Jin-Suk Park
                                                              (District of Columbia Bar No. 484378)
                                                              jin.park@aporter.com
                                                              **ARNOLD & PORTER LLP**
                                                              555 12th Street, NW
                                                              Washington, DC  20004
                                                              Telephone: (202) 942-5000
                                                              Facsimile: (202) 942-5555

                                                              Nicholas Lee
                                                              (California State Bar No. 259588)
                                                              nicholas.lee@aporter.com
                                                              **ARNOLD & PORTER LLP**
                                                              777 South Figueroa Street
                                                              44th Floor
                                                              Los Angeles, CA  90017-5844
                                                              Telephone: (213) 243-4000
                                                              Facsimile: (213)243-4199

                                                              Ryan Casamiquela
                                                              (California State Bar No. 228559)

ryan.casamiquela@aporter.com
Willow Noonan
(California State Bar No. 277584)
willow.noonan@aporter.com
**ARNOLD & PORTER LLP**
10th Floor, Three Embarcadero Center
San Francisco, CA  94111-4024
Telephone: (415) 471-3100
Facsimile: (415) 471-3400

-and-

Melissa R. Smith,
Tex. State Bar No. 24001351
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, Texas  75670
Phone: (903) 934-8450
Facsimile:      (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Counsel for Defendants Samsung*
*Electronics America, Inc., Samsung*
*Electronics Co. Ltd., Samsung*
*Semiconductor, Inc., and Samsung Austin*
*Semiconductor, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Civil Rule CV-5(a)(3) on May 4, 2015.

*/s/ Melissa R. Smith*
Melissa R. Smith
