# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| Azure Networks, LLC, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 6:15-CV-00019 [RWS] |
| | § | |
| Samsung Electronics America, Inc., | § | Jury Trial Demanded |
| Samsung Electronics Co. Ltd., | § | |
| Samsung Semiconductor, Inc., | § | |
| Samsung Austin Semiconductor, LLC, | § | |
|     *Defendant.* | § | |

**Plaintiff Azure Network, LLC's Response in Opposition to Defendants Samsung Electronics America, Inc., Samsung Electronics Co. Ltd, Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, LLC's Motion to Dismiss Plaintiff Azure Networks, LLC's Claims for Induced and Willful Infringement**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iii

I.      INTRODUCTION .................................................................................... 1

II.     LEGAL STANDARD ............................................................................. 2

        A.      Fifth Circuit Law Controls .................................................... 2

III.    ARGUMENTS AND AUTHORITIES ................................................ 4

        A.      The Complaint States a Plausible Claim For Relief
                as to Inducement of Infringement ....................................... 5

                1.  Azure has adequately pled direct infringement ........... 6

                2.  Azure's Complaint contains facts plausibly showing that
                    Defendant specifically intended for its customers to
                    infringe the asserted patents ....................................... 6

                3.  Azure's Complaint contains facts plausibly showing that
                    Defendant Knew that the customer's acts constituted
                    infringement ................................................................. 7

        B.      The Complaint States a Plausible Claim for Relief as to
                Willful Infringement .............................................................. 13

        C.      Any Request to Limit Azure's Claims for Inducement of
                Infringement and Willfulness to Only Post-Filing Claims
                is Premature at this Stage ..................................................... 15

IV.     CONCLUSION ..................................................................................... 15

# TABLE OF AUTHORITIES

## Cases

*Affinity Labs of Texas, LLC v. Alpine Elecs. Of Am., Inc.*,
    No. 9:08-CV-171 U.S. Dist. LEXIS130147, (D.D. Tex. Sept. 2, 2009)....................14

*Affinity Labs of Tex., LLC v. Toyota Motor North America, Inc.*,
    2014 U.S. Dist. LEXIS 90379 (W.D. Tex. May 12, 2014) ..................................... *passim*

*Aguirre v. Powerchute Sports LLC*, No. SA-10-CV-0702,
    2011 U.S. Dist. LEXIS 65003 (W.D. Tex. June 17, 2011)............................................ 12

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)............................................. 3, 4, 5

Azure Networks, LLC v. CSR plc,
    Case No.6:11-cv-139-MHS-JDL.................................................................................11

Azure Netowrks, LLC , et al v. Samsung Telecommunications America, LLC, et al
    6:12-cv-745.....................................................................................................................13

*Bedrock Computer Techs., LLC v. Softlayer Techs.*,
    No. 6:09-cv-269, 2010 U.S. Dist. LEXIS 62711(E.D. Tex. Mar. 29, 2010) ..........3, 4, 7

*Bell Atlantic v. Twombly*,
    550 U.S. 544 (2007)......................................................................................... 1, 3, 4, 7

*Bluestone Innovations Tex., L.L.C. v. Formosa Epitaxy Inc.*,
    No. 2:10-cv-171, 2011 U.S. Dist. LEXIS 117746 (E.D. Tex. Sept. 12, 2011) ................ 4

*DSU Med. Corp. v. JMS Co., Ltd.*,
    471 F.3d 1293 (Fed. Cir. 2006)................................................................................8

*Eolas Tech., Inc. v. Adobe sys., Inc.*,
    No. 6:09-cv-446, 2010 U.S. Dist. LEXIS 58291 (E.D. Tex. May 6, 2010) .................... 4

*Fotomedia Techs., LLC v AOL, LLC*,
    No. 2:07-cv-255, 2008 U.S. Dist. LEXIS 109403 (E.D. Tex. Aug. 29, 2008) ................ 7

*Global-Tech Appliances v. SEB S.A.*,
    131 S. Ct. 2060, 179 L. Ed. 2d 1167 (2011) .................................................... 5

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*
    681 F.3d 1323 (Fed. Cir. 2012) ............................................................... *passim*

*In re Katrina Canal Breaches Litig.*
495 F.3d 191 (5th Cir. 2007) ............................................................... 3

*InMotion Imagery Tech. v. Brain Damage Films*, No. 2:11-CV-414-JRG,
2012 U.S. Dist. LEXIS 112630 (E.D. Tex. Aug. 10, 2012) ............................ 7, 12, 13, 15

*Intravisual Inc. v. Fujitsu Microelectronics Am. Inc.*,
2011 U.S. Dist. LEXIS 281000 (E.D. Tex. Mar. 18, 2011) ............................ 3

*Jones v. Bock*,
549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) ................................ 2

*Lochner Techs. v. AT Labs Inc.*, Civ. No. 2:11-CV-242-JRG,
2012 U.S. Dist. LEXIS 92924 (E.D. Tex. July 5, 2012) ...................................... 6, 12, 13

*Lodsys, LLC v. Brother Int'l Corp.*, Civ. No. 2:11-CV-90-JRG,
2012 U.S. Dist. LEXIS 31456 (E.D. Tex. March 8, 2012) ............................ 7, 13

*Lone Star Document Management, LLC v. Atalasoft, Inc.*, Civ. No. 2:11-CV-319-JRG,
2012 U.S. Dist. LEXIS 129979 (E.D. Tex. Sept. 12, 2012) ............................ 15

*Lormand v. U.S. Unwired, Inc.*,
565 F.3d 228 (5th Cir. 2009) ............................................................... 3

*Lowrey v. Texas A&M Univ. Sys.*
117 F.3d 242 (5th Cir. 1997) ............................................................... 2

*McZeal v. Sprint Nextel Corp.*,
501 F.3d 1354 (Fed. Cir. 2007)............................................................... 2, 3

*Patent Harbor LLC v. DreamWorks Animation SKG, Inc.*, Civ. No. 6:11-cv-229,
2012 U.S. Dist. LEXIS 114199 (E.D. Tex. July 27, 2012)...................................... *passim*

*Realtime Data, LLC v. Stanley*,
721 F. Supp. 2d 538, 2010 U.S. Dist. LEXIS 58140 (E.D. Tex. 2010) ................. 3, 10, 11

*Tierra Intelectual Borinquen, Inc. v. Toshiba Am. Info. Sys.*,
2014 U.S. Dist. LEXIS 19308 (E.D. Tex. Feb. 14, 2014) ................................ 8

*Touchscreen Gestures LLC v. Research in Motion*
2013 U.S. Dist. LEXIS 97080 (E.D. Tex. Mar. 27, 2013) ............................ 15

*WebMap Techs, LLC v. Google, Inc.*,
2010 U.S. dist. LEXIS 104137, 2010 WL 3768097 (E.D. Tex. Sept. 10, 2010)...........15

*ZiiLabs Inc., LTD v. Samsung Elec. Co. Ltd.*,
    No. 2:14-cv-203-JRG-RSP (E.D. Tex. Feb. 26, 2015) ........................................ 5, 6, 8, 13

**Statutes**

35 U.S. C. § 271 .................................................................................................................. 5, 10

**Rules**

Fed. R. Civ. P. 8 ..................................................................................................................... 3

Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 1, 3

Plaintiff Azure Networks, LLC ("Azure" or "Plaintiff") files this Response in Opposition to Defendants Samsung Electronics America, Inc., Samsung Electronics Co. Ltd, Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, LLC's (collectively "Defendant") Motion to Dismiss Plaintiff Azure Networks, LLC's Claims for Induced and Willful Infringement (Dkt. No. 29) ("Motion"). In its Motion, Defendant seeks dismissal of Azure's willful infringement and inducement of infringement claims under Fed. R. Civ. P. 12(b)(6). For the reasons given below, this Court should deny Defendant's Motion.

## I.   INTRODUCTION AND RESPONSE TO STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

The primary issue for the Court to decide is whether Azure's Complaint, when construed in the light most favorable to Azure and accepting all factual allegations as true, contains enough allegations of fact to state claims for relief as to inducement of infringement and willful infringement that are plausible on their face.

The Complaint meets the pleading requirements outlined in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). Azure's factual allegations, when accepted as true and drawing reasonable inferences therefrom, make plausible Azure's claims for relief as to inducement of infringement and willful infringement.

In this action for patent infringement, the Defendant is accused of past and ongoing direct and/or indirect infringement of multiple U.S. Patents[2] (collectively the "Patents-in-suit"). *See* Azure's First Amended Complaint (Dkt No. 22) ("Complaint"). Azure accuses the Defendant,

---

[2]  U.S. Patent Nos. 7,756,129 ("the '129 Patent"); 8,582,570; 8,582,571; 8,588,196; 8,588,231; 8,589,599; 8,675,590; 8,683,092; 8,700,815; 8,732,347; 8,732,361.

either directly or through intermediaries, of infringing one or more claims of the Patents-in-suit by making, using, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing various electronic products and systems incorporating Wi-Fi Direct wireless technology ("Accused Instrumentalities"). *Id.*, ¶¶ 24-25, 31-65. Azure also accuses Defendant of willful infringement because of its continued infringing activities in the face of Defendant's prior knowledge and notice of the '129 Patent (which Defendant does not deny) and its knowledge and notice of the Patents-in-Suit through the filing and service of the original Complaint. *Id.*, ¶¶ 66-68. In its Motion, Defendant does not challenge the adequacy of Azure's Complaint regarding Defendant's direct infringement of the Patents-in-suit as an independent allegation, and does not challenge Azure's allegations regarding damages. Rather, Defendant's Motion is solely limited to attacking Azure's allegations regarding inducement and willful infringement.[3]

## II. LEGAL STANDARD

### A. Fifth Circuit Law Controls

Regional circuit law applies to motions to dismiss for failure to state a claim. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* at 1356 (internal quotations omitted). When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *See Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). When ruling on a

---

[3] It is telling that the Defendant does not contend that it does not understand the indirect infringement and willful infringement allegations against it or that it has been prejudiced by any alleged defects in the Complaint. The Defendant's Motion is silent as to whether they seek a dismissal with prejudice of Azure's willful infringement and inducement of infringement allegations. A dismissal with prejudice is a drastic and permanent result that is unjustified and inappropriate given the early posture of this case.

Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).   A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id.* (quotations and citations omitted).   In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted.   *Intravisual Inc. v. Fujitsu Microelectronics Am. Inc.*, 2011 U.S. Dist. LEXIS 28100, at *9 (E.D. Tex. Mar. 18, 2011) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)).   More particularly, in light of the requirements of Local Patent Rule 3-1, motions of this nature require an unnecessary expenditure of the Court's and party's resources.   *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 540, 2010 U.S. Dist. LEXIS 58140, at *4 (E.D. Tex. 2010).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint is required to contain only a "short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8; *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 545, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (interpreting Rule 8); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684-685, 129 S. Ct. 1937, 1949-50, 1953, 173 L. Ed. 2d 868 (2009) (applying *Twombly* generally to civil actions pleaded under Rule 8); *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1534, 1356-57 (Fed. Cir. 2007) ("A patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend…"); *see also Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*, No. 6:09-cv-269, 2010 U.S. Dist. LEXIS 62711, at *9 (E.D. Tex. Mar. 29, 2010) ("The Supreme Court's

decisions in *Twombly* and *Iqbal* have not affected the adequacy of complying with Form 18.").[4] "[D]etailed factual allegations" are not required. *Ashcroft v. Iqbal*, 556 U.S. 662 at 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555). "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662 at 678 (citing *Twombly*, 550 U.S. at 556). *Plausibility*, not probability, is the standard. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 556 ("[O]f course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950.

## III.    ARGUMENT AND AUTHORITIES

Azure's Complaint contains sufficient allegations to state, at a minimum, a plausible claim for inducement of infringement and willful infringement because the Complaint contains the following: information regarding the Patents-in-suit;[5] examples of infringement by Defendant;[6] a specific example of an infringed claim for each of the Patents-in-suit;[7] identity of

---

[4] Defendants will likely argue that Form 18 only applies to direct infringement claims. Courts are split on the pleading requirements of indirect infringement claims, and some Courts in this District have held "that so long as a complaint complies with Form 18 in the Appendix of Forms to the Federal Rules of Civil Procedure, its claims for direct and indirect patent infringement will survive a motion to dismiss." *also*, *Bluestone Innovations Tex., L.L.C. v. Formosa Epitaxy Inc.*, No. 2:10-cv-171, 2011 U.S. Dist. LEXIS 117746, at *8-11 (E.D. Tex. Sept. 12, 2011); *Eolas Tech., Inc. v. Adobe Sys., Inc.*, No. 6:09-cv-446, 2010 U.S. Dist. LEXIS 58291, at *15 (E.D. Tex. May 6, 2010). In any event, as explained *infra*, Plaintiff has pled fact sufficient to state a claim that is plausible on its face.
[5] *See e.g.* Complaint, ¶¶ 2-13.
[6] *See e.g.* Id., ¶¶ 24-25 (including names of examples of infringing instrumentalities).
[7] *See e.g.* Id., ¶¶ 32, 35, 38, 41, 44, 47, 50, 53, 56, 59, 62.

direct infringers;[8] examples of how Defendant induced the infringement of the Patents-in-suit by others;[9] and prior knowledge of the Patents-in-suit.[10]

### A.   The Complaint States a Plausible Claim for Relief as to Inducement of Infringement

A party is liable for induced infringement if it knew or should have known that the induced acts constitute patent infringement.  *See* 35 U.S.C. § 271(b); *Global-Tech Appliances v. SEB S.A.*, 131 S. Ct. 2060, 2068, 179 L. Ed. 2d 1167 (2011); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 Fed Cir. 2012).  This exact issue, regarding very similar claims of inducement of infringement, was recently considered and discussed in the Eastern District of Texas in *ZiiLabs Inc., LTD v. Samsung Elec. Co. Ltd.*, No. 2:14-cv-203-JRG-RSP, Dkt. No. 147 (E.D. Tex. Feb. 26, 2015).[11]  *ZiiLabs*, given its recent application of law on this very issue, is instructive.  In *ZiiLabs*, defendant Apple sought to dismiss inducement and willful infringement claims for failure to state a claim.  The Court recognized that to survive the motion to dismiss inducement of infringement, "the complaint must (1) adequately plead direct infringement by [defendant's] customers, (2) contain facts plausibly showing that [defendant] specifically intended for its customers to infringe the asserted patents, and (3) contain facts plausibly showing that [defendant] knew that the customer's acts constituted infringement."  *Id*. *citing In re Bill of Lading*, 681 F.3d at 1339.

---

[8] *See e.g.* Id., ¶ 64 (referencing direct infringers as consumers, businesses, distributors, agents, channel partners, resellers, sales representatives, end users, and customers).

[9] *See e.g.* Id., ¶ 64 (actively marketing, supplying, causing the supply, encouraging, recruiting, and instructing others to use, make available for another's use, promote, market, distribute, import, sell, and/or offer to sell the infringing products which were identified in the Complaint).

[10] *See e.g.* Id., ¶¶ 65, 67-68 (Defendant has actual knowledge of the '129 Patent prior to the filing of this lawsuit, Patents-in-suit are part of the same patent family, and that all Patents-in-suit were issued prior to the filing of this lawsuit.  Defendant also has actual knowledge as of the filing of this lawsuit).

[11] Report and Recommendation by Judge Payne, adopted Dkt. No. 164 (March 30, 2015).  In examining the inducement claim language that is very similar to that of Azure's, the Court held that the complaint "sets forth a facially plausible cause of action under the *Iqbal* standard."  *ZiiLabs*., p. 5 (page ID # 10088).

### 1.      Azure has adequately pled direct infringement

Defendant does not challenge Azure's claims of direct infringement as an independent allegation.  Azure has identified underlying direct infringers. Complaint, ¶ 65 ("These actions, individually and collectively, have induced and continue to induce the direct infringement of the Asserted Patents by others such as consumers, businesses, distributors, resellers, sales representatives, agents, channel partners, end users, and customers.").   Therefore, as to its inducement claims, Azure's allegations sufficiently identify direct infringers. *See Lochner Techs., LLC v. AT Labs Inc*., 2012 U.S. Dist. LEXIS 92924, at *10 (E.D. Tex. July 3, 2012) (plaintiff identified alleged direct infringers as "end users of the above-referenced products."); *In re Bill of Lading*, 2012 U.S. App. LEXIS 11519 ("Given that a plaintiff's indirect infringement claims can succeed at trial absent direct evidence of a specific direct infringer, we cannot establish a pleading standard that requires something more. To state a claim for indirect infringement, therefore, a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists."); *ZiiLabs Inc., LTD v. Samsung Elec. Co. Ltd.*, No. 2:14-cv-203-JRG-RSP, Dkt. No. 147 (E.D. Tex. Feb. 26, 2015) (pleading direct infringement by defendant's customers, was met by plaintiff's claim that stated: "Defendants [i.e., Apple and the Samsung entities] have induced, caused, urged, encouraged, aided, and abetted their direct and indirect customers to make, use, sell, offer for sale, and/or import products which infringe the '096 Patent and to use methods that infringe the '096 Patent.").

### 2.      Azure's Complaint contains facts plausibly showing that Defendant specifically intended for its customers to infringe the asserted patents

Read as a whole, Azure's Complaint satisfies the pleading standards.  Azure's Complaint states, in part, "Defendant's deliberate and/or willfully blind actions include, but are not limited

to, actively marketing to, supplying, causing the supply to, encouraging, recruiting, and instructing others . . . to use, make available for another's use, promote, market, distribute, import, sell and/or offer to sell the Infringing Products." Complaint, at ¶ 64. Defendant asks this Court to ignore Azure's allegations, and demands a much higher level of element-by-element detailed recitation of facts that is not required by *Twombly* or this District. *See, e.g.,* Motion, p. 4. Defendant's argument that Azure has not alleged facts sufficient to support an inference of the intent required for inducement suffers multiple flaws, and therefore does not warrant dismissal of Azure's claims.

First, it is not necessary to provide detailed factual support for each and every element of inducement as Defendant demands. *See Fotomedia Techs., LLC v. AOL, LLC,* No. 2:07-cv-255, 2008 U.S. Dist. LEXIS 109403, at *8 (E.D. Tex. Aug. 29, 2008); *Lodsys, LLC v. Brother Int'l Corp.*, No. 2:11-cv-90, 2012 U.S. Dist. LEXIS 31456, at *10 (E.D. Tex. Mar. 8, 2012). This Court stated in *InMotion Imagery Techs.,* that to survive a motion to dismiss, a "Complaint must contain sufficient facts plausibly showing that Defendant specifically intended a third party to infringe the [asserted] patent and knew the third party's acts constituted infringement." *InMotion Imagery Tech. v. Brain Damage Films*, Civ. No. 2:11-CV-414-JRG, 2012 U.S. Dist. LEXIS 112630, at *7-8 (E.D. Tex. Aug. 10, 2012) (*quoting Patent Harbor LLC v. DreamWorks Animation SKG, Inc.*, Civ. No. 6:11-cv-229, 2012 U.S. Dist. LEXIS 114199, at *16 (E.D. Tex. July 27, 2012)). However, this requirement does not mean that the Plaintiff "must prove itself at the pleading stage." *Id*. Even though Defendant demands it, it is not necessary to provide detailed factual support for each element of inducement. *Id.*, at *8 (court determined that inducement of infringement claims pled satisfied the pleading standards, stating, "While the Complaint does not explicitly plead facts to show that Galaxy had a specific intent to induce

infringement, it is not necessary to provide detailed factual support for each and every element of inducement.") (citing *Patent Harbor*, 2012 U.S. Dist. LEXIS 114199, at *18); *In re Bill of Lading*, 681 F.3d at 1336.  Allegations of "active steps taken to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe, and a showing that infringement was encouraged overcomes the law's reluctance to find liability when a defendant merely sells a commercial product suitable for some lawful use." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).  Therefore, "if an entity offers a product with the object promoting its use to infringe, as shown by clear expression or other affirmative steps taken to foster infringement, it is then liable for the resulting acts of infringement by third parties." *Id.*

Second, decisions in this District suggest that specific intent to induce infringement can be inferred from a defendant's knowledge of the patents while continuing to market, sell, and provide instruction for its product. Azure's Complaint contains almost the exact same language deemed sufficient in *ZiiLabs* and multiple other cases decided in this District, including those discussed above.  *Compare* Complaint, at ¶ 64 *with ZiiLabs,* No. 2:14-cv-203-JRG-RSP, Dkt. No. 147, at p. 5 (E.D. Tex. Feb. 26, 2015) (plaintiff properly pled facts plausibly showing that defendant specifically intended for its customers to infringe the asserted patents by alleging: "Defendants [i.e., Apple and the Samsung entities] have done so by acts including but not limited to selling infringing products, marketing the infringing capabilities of such products, and providing instructions, technical support, and other encouragement for the use of such products."); *Tierra Intellectual Borinquen, Inc. v. Toshiba Am. Info. Sys.*, 2014 U.S. Dist. LEXIS 19308, at *9-10 (E.D. Tex. Feb. 14, 2014) (Defendant argued inducement was not properly pled "because the only fact alleged supporting an inference of specific intent to encourage users'

infringement is that Defendants' user guide for the Toshiba Excite 10se provides instructions for use that, if followed, would infringe the patents-in-suit." The court denied the defendants' motion stating, "treated in the light most favorable to the Plaintiff, it is reasonable to infer from an instruction in a user guide that the publisher of the guide intends for the product to be used in the manner described. Thus, Plaintiff has properly pleaded a claim for induced infringement."); *Affinity Labs of Tex., LLC v. Toyota Motor North America, Inc.*, 2014 U.S. Dist. LEXIS 90379, at *18 (W.D. Tex. May 12, 2014) ("Allegations that Toyota 'encouraged and is encouraging' its customers to infringe the Asserted Patents 'by marketing and selling its automobiles with sound systems that are able to pair with portable electronic device' may satisfy the pleading requirements for direct infringement.").[13] In *Patent Harbor*, another case from this District, the Court determined that plaintiff's claims were sufficient to create a plausible inference that defendant induced infringement wherein "[t]he Complaint alleges that Defendants had knowledge of the '514 patent as of filing the suit; that the accused method is the 'authoring' of DVD and Blu-Ray discs 'with their content-addressing features (e.g. illustrated chapter/scene selection),'; and that Defendants either perform that method themselves or 'direct[] and control[]' others to do so 'through contract,' *id*. In other words, Patent Harbor alleges that Defendants have knowledge of the '514 patent, are infringing the patent by authoring DVDs with content addressable videos, and are contracting with others to author DVDs with content addressable videos." 2012 U.S. Dist. LEXIS 114199, at *18.   The Court went on to state, "Further, although these allegations do not provide an extraordinary amount of detail regarding the elements of inducement, they nevertheless provide Defendants with sufficient notice of the allegedly unlawful conduct in which they engaged." *Id.*, at *19.

---

[13] In *Affinity Labs,* the Court ruled that the claims in that case did not even rise to this minimal level deemed sufficient by the Court. Azure's Complaint meets and exceeds this standard.

Defendant relies on the Court's opinion in *Realtime Data, LLC v. Stanley*, in arguing Azure's allegations are insufficient.  Motion, p. 11 (stating that *Realtime Data* stands for the proposition that "under the pleading requirements of the Federal Rules where a plaintiff's complaint fails to identify any asserted claims or any accused products or services for each of the patents-in-suit, fails to identify which patents are indirectly infringed, and fails to identify a direct infringer in reference to its indirect infringement claims.").   In *Realtime Data*, the Court was specific in noting that the particular complaint at issue was so general in nature that it "d[id] not put Defendants on notice of direct infringement, and importantly, also fail[s] to identify which other party committed the underlying act of infringement." *Realtime Data*, 721 F. Supp. 2d 538, 544 (E.D. Tex. May 7, 2010).  The Court continued, "This lack of clarity fails to inform Defendants as to how they must defend against charges of indirect infringement." *Id*.  The Court subsequently wrote to clarify its May 7, 2010 order including the portion regarding indirect infringement claims:

> As to indirect infringement claims, the Report and Recommendation implies that this Court's precedent require a plaintiff to identify which claims are indirectly infringed, identify which methods or systems indirectly infringe, and identify a direct infringer in reference to indirect infringement claims. While the Court has required that a plaintiff identify a direct infringer and identify which methods or systems indirectly infringe the patent-in-suit, the Court examines the context of the complaint to determine whether specific claims must be identified as indirectly infringed.

*Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 539-40, 2010 U.S. Dist. LEXIS 58140, at *4 (E.D. Tex. June 10, 2010) (internal citations omitted) (emphasis added).   In *Realtime Data*, the Plaintiff's infringement allegations relating to each asserted patent were:

> Defendants have been and are now directing infringing, and/or indirectly infringing by inducement and/or contributing to infringement, of the [Asserted Patent] in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more data compression products and/or services, covered by at least one claim of the [Asserted Patent].

*Realtime Data, LLC v. Stanley*, Cause No. 6:09-cv-326, Dkt. No. 1 (E.D. Tex. July 22, 2009). Azure's Complaint is much more detailed that that considered in *Realtime Data*.  Consistent with the Court's opinion in *Patent Harbor* and other precedent discussed herein*,* Azure has (1) alleged defendant had knowledge of the Patents-in-Suit, Complaint at ¶¶ 65, 67-68; (2) identified the accused infringing activity, *e.g., id*. at ¶¶ 24-25; (3) alleged that Defendant performs the infringing activity itself or by directing/causing others to do so, *id*. at ¶ 64 (identifying both direct infringers and examples of how Defendant induced the infringement of the Patents-in-suit by others).  *See also, supra* FN 5-10.  Just as in *Patent Harbor*, Azure's particularized allegations here create a plausible inference that Defendant induced infringement.

### 3. Azure's Complaint contains facts plausibly showing that Defendant knew that the customer's acts constituted infringement

Once again, Azure's Complaint contains similar language to that addressed in *ZiiLabs* and other cases decided in this District by asserting that Defendant was given written notice at least through the filing of the lawsuit, as well as actual knowledge of at least the '129 Patent because it was previously asserted against Defendant. *See* Complaint, at ¶¶ 65, 67-68.  Defendant had knowledge of the '129 Patent as early as 2012.  Defendant's prior knowledge of the '129 Patent cannot be denied, and is not denied.[14]

Finally, there can be no dispute that Defendant had knowledge of the Patents-in-suit for at least some time during the infringing period, and at least as of the time of the filing of this

---

[14] Additionally, in prior, similar litigation involving the '129 Patent, Azure sought leave to amend its infringement contentions to accuse a defendant's Wi-Fi technology of infringement, similar to what is accused in this case. *Azure Networks, LLC v. CSR plc*, Case No. 6:11-cv-139-MHS-JDL, Dkt. No. 235 (E.D. Tex.) ("the 139 Litigation"). That motion was made at the same time that the prior 2012 action against Defendant was pending. Any suggestion by Defendant that it lacked knowledge and the proper state of mind should ring hollow.  Defendant cannot avoid liability because of its actual knowledge of the Patents-in-suit, particularly the '129 Patent, and its decision to remain willfully blind.  *See Affinity Labs,* 2014 U.S. Dist. LEXIS 90379, at *6-7.

lawsuit. Azure has specifically pled that filing of this lawsuit provides notice to Defendant. Complaint, at ¶¶ 65, 67-68.  It is well settled in this District that this allegation of knowledge is sufficient to support Azure's claims of inducement of infringement. *See e.g., In re Bill of Lading*, 681 F.3d at 1345-46 (finding complaints that alleged knowledge "at the latest . . . when [defendant] was served with the complaint" were sufficient when plead in conjunction with facts plausibly showing intent to induce); *InMotion*, 2012 U.S. Dist. LEXIS 112630, at *8 (stating, "Failing to allege pre-suit knowledge of the patent 'is not a basis to dismiss [Plaintiff's] indirect infringement claims; as it cannot be disputed that [Plaintiff] does sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period.'"); *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, 6:11-CV-229, 2012 U.S. Dist. LEXIS 114199, 2012 WL 9864381 (E.D. Tex. July 27, 2012) (recognizing the complaint as an element of post-filing knowledge since the complaint itself clearly alleges that the "Defendants have actual notice of the [plaintiff's] patent at least as early as the filing of this Original Complaint")[15]; *Lochner Techs., LLC v. AT Labs Inc.*, 2012 U.S. Dist. LEXIS 92924, at *9-10 (E.D. Tex. July 3, 2012) ("Defendants concede that Lochner's Amended Complaint alleges knowledge of the '598 patent at the time of the filing of the Complaint….However, this is not a basis to dismiss Lochner's indirect infringement claims; as it cannot be disputed that Lochner does sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period"); *see also, Affinity Labs*, 2014 U.S. Dist. LEXIS 90379, at *10-11. Azure has satisfied the third requirement for an inducement of

---

[15] The court in *Patent Harbor* recognized and cited a contrary determination by the Western District of Texas set forth in *Aguirre v. Powerchute Sports LLC*, No. SA-10-CV-0702, 2011 U.S. Dist. LEXIS 65003, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) upon which Defendant relies.  *Aguire* stated, "To the extent [Plaintiff] relies on knowledge of [the patent-in-suit] after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement."  This District has not followed the *Aguirre* decision.

infringement as set forth in *In re Bill of Lading*, *InMotion*, *Lochner*, *Patent Harbor*, and *ZiiLabs*.

Azure's allegations read together and in context of the entire Complaint, suffice to adequately plead inducement of infringement. Accordingly, the Court should deny Defendant's Motion to Dismiss the inducement of infringement claim.

### B. The Complaint States a Plausible Claim for Relief as to Willful Infringement

"This Court has observed that . . . the bar for pleading willful infringement is not high." *Lodsys, LLC v. Brother Int'l Corp.*, Civ. No. 2:11-CV-90-JRG, 2012 U.S. Dist. LEXIS 31456, *16 (E.D. Tex. March 8, 2012). Azure's Complaint, when construed in the light most favorable to Azure and accepting all factual allegations as true, contains enough allegations of fact to state a plausible claim to relief as to willful infringement.

Defendant does not deny that it was fully aware of the '129 Patent at least as early as 2012 when that Patent was asserted against Defendant in prior litigation. *See* Complaint, ¶¶ 65, 67-68. Indeed, Defendant cannot, and does not, deny knowledge of the '129 Patent prior to the filing of this lawsuit. Azure previously filed suit against Defendant asserting the '129 Patent. *See Azure Networks, LLC, et al. v. Samsung Telecommunications America, LLC, et al.*, Civ. Action No. 6:12-cv-745 (E.D. Texas 2012). Defendant asserts in its Motion that Azure previously asserted infringement of Defendant's Wi-Fi Direct technology but only in combination with Bluetooth. Defendant therefore admits that well in advance of filing this lawsuit, Plaintiff has alleged certain Wi-Fi technology, including Wi-Fi Direct, infringed at least the '129 Patent, and Defendant knew of these allegations. Simply, Defendant did know of at least the '129 Patent and that Wi-Fi Direct was implicated as early as 2012, but now pretends it was oblivious to these allegations. In any event, Defendant's argument regarding Plaintiff's claims in prior litigation is a straw man argument injected as a distraction from the key fact at issue which

is Defendant's undeniable prior knowledge of the '129 Patent.  Defendant's suggestion that Plaintiff's claims in the prior case filed in 2012 preclude any inference that Defendant's technology infringed the Patents-in-suit should ring hollow.[16]

The facts and allegations asserted by Azure, which are to be taken as true, support Azure's claim that Defendant knew about its infringement of at least the '129 Patent as early as 2012 and its infringement of all other Patents-in-suit very soon after the filing of this lawsuit against it.  Despite this knowledge, Defendant chose (and chooses) to continue its infringing activities as alleged, such that Azure has a plausible claim for relief as to willful infringement. The facts as asserted by Azure are sufficient to state a plausible claim for relief for willful infringement and therefore the Court should deny Defendant's Motion.

Defendant suggests that Azure's willful infringement claims should be dismissed because Azure has not moved for a preliminary injunction.  However, there is no per se rule that a party must move for a preliminary injunction to seek recovery for post-filing willful infringement.  *See Affinity Labs of Texas, LLC v. Alpine Elecs. of Am., Inc.*, No. 9:08-CV-171, 2009 U.S. Dist. LEXIS 130147, at *3 (E.D. Tex. Sept. 2, 2009) ("[T]here is no per se rule that a patentee who relies solely on post-filing conduct for his willfulness claim is foreclosed from receiving enhanced damages if he does not also seek preliminary injunctive relief.").  But, even if there were such a rule, Azure does not rely solely on post-filing conduct to support its willful infringement claims.  *See* Complaint, ¶¶ 65, 67-68.  The cases cited by Defendant in support of

---

[16] Defendant's argument, if accepted, results in a conclusion that would eviscerate all future willful infringement claims.  Essentially, Defendant's position would create precedent whereby a party could never assert willful infringement unless it had previously filed suit against a Defendant asserting the same patents and alleging infringement of the exact same technology in the exact same manner. Therefore, the result would be that to bring a willfulness claim, a party would have to file a lawsuit asserting a theory of infringement, dismiss that lawsuit, and then file a subsequent lawsuit in order to assert willfulness.  That is not, and cannot be, the law.

its position are not applicable here.  Specifically, in *WebMap Techs., LLC v. Google, Inc.*, 2010 U.S. Dist. LEXIS 104137, 2010 WL 3768097 (E.D. Tex. Sept. 10, 2010) and *Touchscreen Gestures LLC v. Research in Motion*, 2013 U.S. Dist. LEXIS 97080 (E.D. Tex. Mar. 27, 2013), there were no allegations of pre-filing willful infringement. That is not the case here, as Azure has asserted allegations of pre-filing knowledge and willful infringement. Defendant's suggestion that Azure's willful infringement claims should be dismissed because it has not moved for a preliminary injunction are unsupported by the record and case law.

### C.    Any Request to Limit Azure's Claims for Inducement of Infringement and Willfulness to Only Post-Filing Claims is Premature at this Stage

Azure has set forth herein their arguments supporting the plausibility of its inducement of infringement and willful infringement claims.  At this early stage of the litigation, there is no need to provide a limitation on whether Azure may proceed only on post-filing claims or pre-filing claims. The proper time to consider a limitation on Azure's inducement of infringement and willful infringement claims or the damages attributable thereto will come at trial, after the parties have had time to conduct sufficient discovery.[17]

## IV.    CONCLUSION

For the foregoing reasons, Azure contends that it has satisfied its burden to plead sufficient factual bases for all of its claims in the Complaint.  If the Court is inclined to dismiss Azure's inducement of infringement or willful infringement claims, then any such dismissal should be without prejudice and should accord Azure the opportunity to amend its Complaint.

---

[17] *Lone Star Document Management,* Civ. No. 2:11-cv-319-JRG, 2012 U.S. Dist. LEXIS 129979, at *10 (E.D. Tex. Sept. 12, 2012) (granting plaintiff leave to amend its Complaint so that it may re-plead its claims of contributory infringement); *InMotion*, 2012 U.S. Dist. LEXIS 112630, at *10-11 (dismissing plaintiff's willful infringement claim, but permitting plaintiff to move the Court for leave to supplement its Complaint if factual support for plaintiff's claims are uncovered during the course of discovery).

Dated: May 21, 2015

Respectfully submitted,

**Derek Gilliland**
Texas State Bar No. 24007239
**Nix Patterson & Roach, L.L.P.**
205 Linda Drive
Daingerfield, Texas 75638
903.645.7333 (telephone)
903.645.5389 (facsimile)
dgilliland@nixlawfirm.com
Attorney in Charge

**Ben King**
Texas State Bar No.  24048592
**Nix Patterson & Roach L.L.P.**
2900  St. Michael Drive, Suite 500
Texarkana, Texas  75503
903.223.3999 (telephone)
903.223.8750 (facsimile)
benking@nixlawfirm.com

**Edward Chin**
Texas State Bar No. 50511688
**Kirk Voss**
Texas State Bar No. 24075229
**Nix Patterson & Roach, L.L.P.**
5215 N. O'Connor Blvd., Suite 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.444.0716 (facsimile)
edchin@me.com
kirkvoss@me.com

**Eric M. Albritton**
Texas State Bar No. 00790215
ema@emafirm.com
**Michael A. Benefield**
Texas State Bar No. 24073408
mab@emafirm.com

**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397

**ATTORNEYS FOR PLAINTIFF**
**AZURE NETWORKS, L.L.C.**


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's electronic filing system on all counsel who have consented to electronic service on this 15th day of May, 2015.


Derek T. Gilliland